UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr.,<br>*a.k.a. Malik Al-Shabazz,*<br><br>Petitioner,<br><br>vs.<br><br>Warden Levern Cohen,<br>Ridgeland Correctional Institution,<br><br>Respondent. | C/A No. 8:09-3164-DCN-BHH<br><br><br><br><br><br>Report and Recommendation |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner, an inmate at Ridgeland Correctional Institution, filed the instant habeas petition pursuant to 28 U.S.C. § 2241, alleging the following:

> Petitioner was sentenced to 10 years for Assault with the intent to Kill which is a misdemeanor in the State of South Carolina. But SCDC is classifying it as a Category 4 offense the same as the violent offense of Assault and Battery with the intent to Kill. This is denying Petitioner the right to get a better custody level and work-release, and work crew, and better work credits. A misdemeanor should be listed as a Category 1 or 2 offense.

(Petition, pages 8-9).

The "Relief" section of Petitioner's pleading requests:

> [T]hat Assault with the intent to Kill, and Assault with a high and aggravated nature both common law offenses and misdemeanors be labeled as misdemeanors by SCDC and listed as a Category 2 office, so Petitioner can get better credits, and be eligible for work-release and labor crew.

(Petition, page 9).

## Discussion

A § 2241 petition is used to attack the manner in which a sentence is executed. *See* 28 U.S.C. § 2241. Further, a habeas petition brought pursuant to § 2241 is appropriate where a prisoner challenges the fact or duration of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriquez*, 411 U.S. 475, 499-500 (1973).

In the instant action, Petitioner challenges his custody classification, which he claims has an effect on his custody level, institutional placement, and work opportunities. As

such, Petitioner does not attack the execution of his sentence, rather, he claims that the allegedly improper custody classification negatively affects various conditions of the Petitioner's confinement. While a conditions of confinement claim may be brought pursuant to a civil rights complaint, *Preiser*, 411 U.S. at 499-500, such a claim is not a cognizable ground for habeas relief under § 2241. *See Levi v. Ebbert*, No. 09-3325, 2009 WL 4196470 at *1 (3rd Cir. Nov. 30, 2009)("claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition")(citation omitted); *Fulton v. Ledezma*, No. CIV-08-945-W, 2009 WL 365649 at *3 (W.D. Okla. Feb. 13, 2009)(collecting cases); *Moore v. Driver*, Civil Action No. 1:07cv166, 2008 WL 4661478 at *8 (N.D.W. Va. Oct. 21, 2008)(petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to challenge a prisoner's security or custody classification).

To the extent Petitioner may be attempting to state a due process claim, his action must also fail. A due process claim is only cognizable when a recognized liberty interest is at stake. *Board of Regents v. Roth*, 408 U.S. 564, 569-570 (1972). However, as the Court in *Edwards v. Kupec*, No. Civ. A. DRC-03-891, 2003 WL 23925639 at *2 (D.Md. Jul. 29, 2003), stated:

> There is no constitutionally mandated right to work while confined in a penal institution. *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978). There is also no constitutionally inherent right to an award of industrial work credits while incarcerated as inmates have no liberty interest in shortening their sentences by earning various diminution credits. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed. 2d 418 (1995).

*Id*. *See also Cogdill v. Hurt*, C.A. No. 8:08-1037-TLW-BHH, 2009 WL 577873 (D.S.C. March 5, 2009)("inmates have no liberty interest in earning work time credits or participating in work programs"). Additionally, the Constitution itself does not give prisoners

an interest in being classified to a particular area within a penal facility, *Meachum v. Fano*, 427 U.S. 215, 224(1976), nor do prisoners have a protected liberty interest in their custodial classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). *See also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

In the present action, Petitioner does not question or challenge the fact or duration of his confinement. Instead Petitioner clearly attacks his custody classification and the resulting effects of such classification on Petitioner's institutional placement, job opportunities and potential work credits. As indicated above, Petitioner has no constitutionally protected liberty interest in any of the grounds raised in the petition, all of which have a bearing on the conditions of Petitioner's confinement, rather than the execution of his sentence. Thus, Petitioner fails to show that he is in custody in violation of the Constitution, laws or treaties of the United States, 28 U.S.C. § 2241(c)(3), and fails to state a cognizable claim under *§ 2241*.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 11, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).